# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOAN B. GOTTSCHALL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4530 | **DATE** | July 9, 2013 |
| **CASE TITLE** | Christopher A Triplett, Sr. vs. Sheriff Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff has submitted an amended complaint, as directed, providing the exact date of the events giving rise to this action. Accordingly, the order to show cause is discharged. The clerk is directed to file the amended complaint [#19]. Tom Dart is dismissed as a defendant pursuant to 28 U.S.C. § 1915A. Defendant Krucek's motion to dismiss [#13] is denied as moot. Defendant Krucek is directed to answer or otherwise plead within twenty-one days of the date of this order.

■ [**For further details see text below.**]  **Docketing to mail notices.**

## STATEMENT

The plaintiff, Christopher Triplett, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendant, a Cook County Sheriff's Deputy, violated the plaintiff's constitutional rights by using excessive force against him. More specifically, the plaintiff alleges that the defendant broke his arm after being warned that there were pins and screws in the arm from a past injury.

By Minute Order of May 14, 2013, the court directed the plaintiff either to (a) submit a proposed amended complaint correcting the apparently erroneous date given for the incident (thus rendering the motion to dismiss moot), or (b) file a response to the motion to dismiss. The plaintiff has belatedly submitted an amended complaint, as directed. Accordingly, the court's order to show cause is discharged and defendant Krucek's motion to dismiss the original complaint is denied as moot. Defendant Krucek is directed to answer or otherwise respond to the amended complaint within twenty-one days of the date of this order.

However, Sheriff Tom Dart is once again dismissed as a defendant on preliminary review. As the court previously advised the plaintiff, Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1948 (2009). The doctrine of *respondeat superior* **CONTINUED)**

mjm

| **STATEMENT (continued)** |
|---|
| (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). Because there is no indication that Dart was personally involved in–or even aware of–the alleged circumstances giving rise to this lawsuit, he is not a proper defendant in this matter. The plaintiff may proceed only against Officer Krucek. |